IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Oasis Petroleum North America, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>Drakin Oilfield Construction, Inc.; B&G Roustabout Service, LLC; Ace American Insurance Company; Ace Property and Casualty Insurance Company; Bituminous Casualty Corporation; Bituminous Fire & Marine Insurance Company,<br><br>      Defendants. | CIVIL NO.: 4:14-CV-077<br><br>**MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 58** |

### I.    INTRODUCTION

Drakin Oilfield Construction, Inc. ("Drakin") has voluntarily dismissed its claims against ACE American Insurance Company and ACE Property & Casualty Insurance Company (together, "ACE") pursuant to the parties' settlement. As a result, the only claim remaining in this case is the claim that plaintiff Oasis Petroleum North America, LLC ("Oasis") has asserted against ACE.

As to that claim, ACE filed a Motion for Summary Judgment on October 9, 2015 (Dkt. # 55-56). Only Drakin responded to that motion, and Drakin has now withdrawn its response. *See* Dkt. 113. Oasis has never filed any response. Thus, the motion is now unopposed and should be granted pursuant to Rule 56(e). As granting the motion will dispose of the remaining claims in the case, the Court should then enter judgment pursuant to Rule 58(b)(2).

II.     ARGUMENT

When a moving party has established a *prima facie* case for summary judgment, the burden shifts to the non-moving party to "designate specific facts showing that there is a genuine issue for trial." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 258 (8th Cir. 1996). In doing so, the non-moving party must respond to the motion specifically and "may not rely on mere denials or allegations in its pleadings." *Id.* When a party fails to respond to a motion for summary judgment, the district court "is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Id.* at 260.

ACE's Motion has established a *prima facie* basis for entry of summary judgment. The undisputed facts are that the spill at issue was not reported to ACE within the mandatory 60-day reporting period applicable to "pollution incidents" under the ACE policies. *See* Dkt. 56, at 2-6. The Policies expressly state that no coverage can exist for any pollution-related liability absent "strict compliance" with the 60-day reporting requirement, "regardless of whether [ACE is] prejudiced." *Id.* at 5. Thus, the undisputed facts and the unambiguous policy language require entry of summary judgment in favor of ACE.

Furthermore, Oasis should not be allowed any additional opportunity to respond. It had every opportunity to do so within the allotted time period. Oasis also cannot claim to have relied on Drakin's response. First, Oasis never joined that response, even before it was withdrawn. Second, Drakin's response itself failed to rebut the undisputed facts and express policy language, as explained in ACE's response (*see* Dkt. 95). Third, even if it had any merit, Drakin's opposition was based on arguments that do not apply to Oasis. Drakin argued, first, that ACE failed to highlight or notify Drakin of certain terms in the Policy when it was issued; and second, that Drakin reported the spill to ACE "as soon as practicable" from Drakin's perspective because Drakin was unaware of its potential liability until January 2014, shortly

before it reported the spill to ACE.  *See* Dkt. 80, at 4-13.

Even if these arguments had merit, neither of them pertain to Oasis.  ACE was unaware of Oasis's "additional insured" status until February 2014 and had no duty to deliver the policy to Oasis or provide Oasis with notice of any specific terms (even if it had such a duty with respect to the Named Insured, Drakin, which it did not).  Oasis also cannot claim that it reported the spill to ACE as soon as practicable.  Immediately after the spill on November 11, 2013, Oasis was aware of its potential liability and its status as an additional "insured" under Drakin's policy with ACE.  *See* Dkt. 96-2.  Nevertheless, Oasis did not report the matter to ACE until February 19, 2014, after the clean-up was mostly completed, depriving ACE of the opportunity to participate.  *See id.*

### III.   CONCLUSION

The Court should grant ACE's pending and unopposed motion for summary judgment as to the remaining claims asserted by Oasis.  The Court should then enter final judgment.

DATED this 21st day of March, 2016.

By:   */s/ Jonathan Toren*
Thomas M. Jones, *Pro Hac Vice*
E-mail:      tjones@cozen.com
Jonathan Toren, *Admitted Pro Hac Vice*
E-mail:      jtoren@cozen.com
Rebecca S. Thiem
Email:  rthiem@serklandlaw.com

| COZEN O'CONNOR | SERKLAND LAW FIRM |
|---|---|
| 999 Third Avenue, Suite 1900 | 1800 E. Broadway Avenue, Ste. 200 |
| Seattle, Washington 98104 | Post Office Box 4066 |
| Telephone: 206.340.1000 | Bismarck, North Dakota 58502-4066 |
| Toll Free Phone: 800.423.1950 | Telephone:  701.751.7355 |
| Facsimile: 206.621.8783 | |

Attorneys for Defendants ACE American Insurance Company and ACE Property and Casualty Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury that on January 4, 2016, I caused to be electronically filed the foregoing *Motion for Entry of Final Judgment Pursuant To Rule* 58 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Counsel for Plaintiff Oasis Petroleum North America, LLC:**
Steven A. Storslee (#03346)
Storslee Law Firm, P.C.
1900 Burnt Boat Drive, Suite 101
Bismarck, North Dakota 58503
Phone: (701) 222-1315
Fax:  (701) 222-1373
Email:  sstorslee@storsleelaw.com


SIGNED AND DATED this 21st day of March, 2016.


  /s/ Diane M. Finafrock
Diane M. Finafrock, Legal Assistant
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: 206.340.1000
Facsimile: 866.490.1773
Email: dfinafrock@cozen.com